**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4809**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL LOUIS BOYD,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Chief District Judge. (0:05-cr-00945-JFA)

---

Submitted: July 9, 2007              Decided: August 17, 2007

---

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Robert Claude Jendron, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Louis Boyd appeals his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) & 924(a)(2) (2000). His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Although informed of his right to do so, Boyd has not filed a pro se informal brief. The Government has declined to file a brief. Boyd's counsel raises two potential evidentiary issues: whether the district court erred in admitting an audiotape and transcript of a 911 call and erred in refusing to permit defense counsel to cross examine a Government witness about his marijuana use the day before his testimony at trial. Finding no error, we affirm.

Counsel first raises the issue of whether an audiotape and transcript of a 911 call should have been admitted as an excited utterance and an exception to the hearsay rule. We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Cooper, 482 F.3d 658, 662-63 (4th Cir. 2007). Melvin James's statements during the 911 call were admissible under the excited utterance exception to the hearsay rule, which is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). James's statements were made under the stress of excitement caused by the shots at the club door. The court noted

- 2 -

that James sounded excited on the tape of the call and that James testified he made the call immediately after the shots were fired. Therefore, we conclude that the district court did not abuse its discretion in admitting James's 911 statements under the excited utterance exception to the hearsay rule.

Although ultimately concluding there was no error, Boyd's counsel argues that the court erred in refusing to permit defense counsel to cross examine Bruce Johnson about his drug use the day before his trial testimony. Evidence of other acts is not admissible to prove bad character or criminal propensity, but such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See Fed. R. Evid. 404(b); United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except those which tend to prove only criminal disposition. Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rules 404(b) and Fed. R. Evid. 403, if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) the probative value of the evidence is not substantially outweighed by its prejudicial value. Queen, 132 F.3d at 997.

Here, the district court gave Boyd the opportunity to cross examine Johnson regarding specific episodes of drug use during the day of the shootings and the day of his testimony at trial. When considering its ruling, the court also gave Boyd the opportunity to show that Johnson's marijuana use the day before his testimony had lingering effects that impaired him the next day, but counsel was unable to demonstrate this. Thus, Johnson's marijuana use the day before his testimony was not relevant to the issues about which he was testifying and the court did not abuse its discretion in refusing to permit examination on the issue. See United States v. Sampol, 636 F.2d 621, 667 (D.C. Cir. 1980); United States v. Leonard, 494 F.2d 955, 971-72 (D.C. Cir. 1974) (a witness's prior use of drugs is relevant only as to the ability of the witness to perceive the underlying events and testify lucidly at trial).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Boyd's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>